220 P.2d 853

**MONTGOMERY et al. v. CRAWFORD et al.**

No. 5337.

Supreme Court of Arizona.

July 13, 1950.

————◆————

Fred O. Wilson, Atty. Gen., Richard C. Briney, Asst. Atty. Gen., attorneys for appellants.

Robert & Price, of Phoenix, attorneys for appellees.

360

LA PRADE, Chief Justice.

The present appeal is from a final judgment in mandamus ordering the appellants as the Board of Trustees of the Arizona Teachers' Retirement System to enroll the appellees in said system and permit them to secure such benefits as they may be entitled to under the Teachers' Retirement Act of 1943, Laws 1943, Ch. 61, sections 54-1701 et seq., A.C.A.1939, Cum.Pocket Supp.

The proceeding was initiated by the above-named appellees, all school teachers, for the purpose of obtaining judicial determination and recognition of their asserted rights to membership in the system and approval by the Board of Trustees of their several statements of prior teaching service. Upon issue joined the matter was submitted to the court upon an agreed statement of facts which in brief indicated that the appellees had rendered certain teaching service in Arizona public schools while holding various styled teachers' certificates issued by the State Board of Education pursuant to the authority granted by section 54-102, A.C.A.1939. Some of these certificates were designated "substitute certificate," "elementary permit," "elementary certificate," "emergency elementary certificate," "reinstated temporary emergency permit," and "reinstated temporary emergency certificate," were issued on a year-to-year basis and declared to be nonrenewable, but had been repeatedly renewed. Appellants in their briefs refer to these certificates as "substandard teachers' certificates." It was

further stipulated that each of the appellees had made application for membership in the Arizona Teachers' Retirement System and for credit for prior service, some of which was rendered under these certificates, but their applications had been denied.

The question presented for determination is: Are the holders of temporary emergency teaching permits or reinstated temporary teaching certificates issued by the Arizona State Board of Education under emergency rulings occasioned by a shortage of teachers during World War II to be considered a "person holding an active teachers' certificate" as the phrase is used in the Teachers' Retirement Act of 1943, supra. This act sets up a comprehensive system for the retirement of teachers in the Arizona educational system, together with a board for its administration. Qualifications for members are defined. Provision is made for creditable service and for prior service, credit allowances before the effective date of the act, retirement from service, retirement for disability, service retirement allowances, disability retirement allowances, death benefits, etc. Section 54-1704 is entitled "Membership" and in part provides:

"(a) Any person who becomes an employee after July 1, 1943, shall become a member of the retirement system within one (1) year after the date of his first employment, as a condition of further employment.

"(b) *Any person who is an employee as of the effective date of this act shall be-*

come a member of the retirement system as of July 1, 1943, unless, [provisions for exclusions]." (Emphasis supplied.)

Section 54-1702 contains the following definitions:

" 'Teacher' means any person holding an active teachers' certificate and engaged in instructional work, directly as classroom, laboratory, or other teacher, or indirectly as supervisory teacher, principal, superintendent, or administrative officer, in any school or educational institution or agency supported by the state or any political subdivision thereof, other than the university of Arizona;

" 'Employee' means any teacher employed on an annual or monthly salary basis;". (Emphasis supplied.)

Section 54-1705 relates to credits for prior service and in part provides:

"(a) Each member who was an employee in this state, at any time prior to the establishment of the retirement system, and who became a member before January 1, 1947, shall file a statement of prior service, setting forth in detail all service rendered by him within the state for which he claims credit, and as a teacher without the state. Any member who was not an employee at any time during the year immediately preceding the establishment of the retirement system and who became a member before January 1, 1947, shall file a statement of prior service within the state only. Subject to the restrictions contained in subsection (b), the board shall verify the service claimed as soon as practicable after the statement is filed.

"(b) Upon verification of a statement of prior service, the board shall issue a prior service certificate certifying the number of years of prior service with which the member is credited. Prior service credit shall include all service within the state prior to July 1, 1943, and not more than fifteen (15) years of service as a teacher without the state, out-of-state service being creditable if the member was employed during the year immediately preceding the establishment of the retirement system. Within one year after the date of issuance of a prior service certificate, any member may request the board to modify or correct the same, and thereafter it shall be final and conclusive for retirement purposes."

It is the contention of appellees that any person holding any type of certificate in force authorizing such person to teach in Arizona schools is the holder of an "active teachers' certificate," and cannot be denied membership or authorized prior service credits in such system. Such was the opinion of the superior court as evidenced by its judgment.

The Board of Trustees insists that the appellees are not entitled to membership in the system nor entitled to any prior service credit as provided in the act, " * * * for the reason that the said board of trustees of

the said system being endowed by statute with the power and duty to administer the Teachers' Retirement Act of 1943 and being vested with a sound discretion in its administration, which discretion extends to a construction of said act and the various provisions thereof had, by law, the right to determine and did so determine that those persons holding temporary emergency 'substandard' teaching certificates were not holders of active teachers' certificates within the contemplation and meaning of said act and thus did not come within the coverage of said act."

The board argues that since the matter of the certification of teachers has been by statute vested solely in the Arizona State Board of Education, section 54-102, supra, no teacher can object because he is not placed in the same classification as those members of the teaching profession possessing all the qualifications for regular and fully accredited certificate holders. This is undoubtedly true for differentiations established in educational qualifications, but it does not follow that, because the State Board of Education may classify teachers upon a basis of educational or experience qualifications, one certificated for restricted activity or upon a lower plane is not a fully certificated active teacher when actually engaged in teaching, within the meaning of the provisions of the act providing benefits and rewards for teaching service. It was by virtue of the rulings of the State Board of Education that appellees obtained certificates authorizing them to teach. Without such certification they would have been unemployable and could not have been paid for their services, for section 54-1005 provides that "No warrant shall be drawn in payment of a teacher's salary by the county superintendent, unless such teacher is the holder of a legal certificate in force for the full term for which payment is demanded." See also section 54-416, subdivision 3, as amended by Ch. 110, Laws 1949, which in part provides that the board of trustees of the school district may not employ any teacher "who has not received a certificate of qualification therefor, granted by the proper authorities." It is thus apparent that the appellees were regularly certificated and were therefore lawfully employed.

The Board of Trustees of the Retirement System contends that its power to designate what teachers are eligible for enrollment in the system is referable to section 54-1720, which section defines the powers and duties of the board, and particularly that portion of the section reading as follows: " * * * The general administration and responsibility for the proper operation of the system and the provisions of this act shall be vested in the board. *The board shall establish such rules and regulations as may be lawful and necessary for the administration of* the funds of the system *and to carry out the provisions of this act,* and shall perform or direct the performance of all acts necessary to carry out the provisions of this act." (Emphasis supplied.)

■ We cannot agree with the position of the board. It would appear that the board is vested with broad administrative powers to be exercised in accordance with a sound discretion and with a view to effectuating the purposes of the act, and its determinations within its discretionary field cannot be questioned except for a clear abuse or a clear violation of the law. But the grant of broad administrative powers does not carry with it the right or authority to establish membership requirements that are not to be found in the statute by express words or reasonable implication. State Board of Barber Examiners v. Walker, 67 Ariz. 156, 192 P.2d 723. Here the grant of authority is to establish "rules and regulations as may be lawful and necessary * * * to carry out the provisions * * *" of the act. One of the provisions of the act is that any teacher who holds "an active teachers' certificate" and is engaged in instructional work as defined by the act is entitled to become a member of the system. The rule applicable in the instant situation is clearly stated in the case of Wilbur v. U. S. ex rel. Kadrie, 281 U.S. 206, 50 S.Ct. 320, 324, 74 L.Ed. 809, wherein it was said: "The duties of executive officers, such as the Secretary of the Interior, usually are connected with the administration of statutes which must be read and in a sense construed to ascertain what is required. But it does not follow that these administrative duties all involve judgment or discretion of the character intended by the rule just stated. Where the duty in a particular situation is so plainly prescribed as to be free from doubt and equivalent to a positive command, it is regarded as being so far ministerial that its performance may be compelled by mandamus, unless there be provision or implication to the contrary. * * *"

The self-evident purpose of the act is to reward teachers for past and future service. All prior service has been rendered under regularly issued certificates and all future service will have to be rendered under like certificates. What qualifications have been or will be required of teachers for certification is of little moment with reference to the issue before us. We are of the opinion that when a person meets the requirements of the State Board of Education for a teacher's certificate, secures a certificate to teach, and teaches thereunder, he is the holder of an "active teachers' certificate" within the provisions of the act under consideration. The legislature was not concerned with any grades or distinctions between certificates, such as probationary certificates, first-grade certificates, eighth-grade certificates, temporary certificates, etc. The commonly understood and accepted import of the words used in designating those eligible for the benefits of the act forces the interpretation that we have given them.

The plaintiffs below were justly aggrieved at the failure of the board to perform the ministerial duties involved in en-

rolling them in the system, and rightfully pursued their remedy in mandamus. Board of Regents of University and State Colleges v. Frohmiller, 69 Ariz. 50, 208 P.2d 833.

Judgment affirmed.

UDALL, STANFORD, PHELPS and DE CONCINI, JJ., concur.